EASTERN DIST.
January, 1841.

CITY COUNCIL OF
PLAQUEMINE
vs.
DECAUDINE
ET AL.

CITY COUNCIL OF PLAQUEMINE vs. DECAUDINE ET AL.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, FOR THE PARISH OF PLAQUEMINE, THE JUDGE OF THE SECOND PRESIDING.

The corporation of Plaquemine, having no express or implied authority to establish a ferry across a stream bordering on it, the exercise of such act is illegal; this power under a general law, belongs exclusively to the police jury.

This is an action against the defendant and his sureties, on their four promissory notes, given for the sale of a ferry across the Bayou Plaquemine, by the city council of said town.

The defendants admitted their signatures, but denied that they were bound, because there was a failure of consideration. That their notes were given in error of fact and law, and are void. They expressly aver that these notes were given for the sale of the ferry across Bayou Plaquemine, by order of the city council of Plaquemine, when the same ferry had been sold out to Jean Maillan, by the police jury; that the city council had no right or authority to sell, and consequently, have no right to compel a compliance with said sale. The defendant, Decaudine, averred that he had sustained damages by the imposition, and prayed that the suit be dismissed; that his notes be cancelled and given up, and that he have judgment in reconvention for four hundred dollars.

It was admitted there was a ferry over Bayou Plaquemine on both sides, which had been legally established by the police jury for a great number of years; that it is within the limits of the town of Plaquemine; that the notes sued on, were given for the sale or lease of said ferry on the town side, for one year; and that the whole ferry had been sold out and leased by the police jury to Maillan.

There was judgment for the plaintiffs for the amount of the notes, and the defendants appealed.

*Labauve,* for the plaintiffs.

EASTERN DIST.
*January,* 1841.

CITY COUNCIL OF
PLAQUEMINE
*vs.*
DECAUDINE
ET AL.

*Burke,* for the appellants, submitted the case on a written argument.

*Martin, J.,* delivered the opinion of the court.

The defendants are appellants from a judgment on their four several promissory notes, given for the lease of a ferry across the Bayou Plaquemine for one year. They allege that said notes were given without consideration, inasmuch as the said ferry was under the control, and had actually been sold out to another person by the police jury of the parish of Iberville, within which, the town of Plaquemine and said ferry are situated.

This case turns upon the legality of the adjudication of the ferry by the corporation of the town of Plaquemine, to one of the defendants, and *that* of the police jury to one Maillan. Both these adjudications have been under consideration, in a case just decided of the police jury against Maillan et al., wherein we concur in the opinion of the District Court, sustaining the adjudication of the police jury.

The adjudication by the corporation of the town of Plaquemine, of the same ferry, was incidentally examined. We were not able to discover in the act of incorporation of said town, any thing which authorized, even by necessary implication, the municipal authorities to establish ferries.

Our learned brother in the District Court, has not favored us with any of the grounds on which he recognized their authority, but has contented himself with saying the law and the fact called for a judgment in favor of the plaintiffs.

It appears to us the district judge erred in sustaining the adjudication of the plaintiffs to the defendant Decaudine. There being no express or even implied authority in the act of incorporation to establish a ferry, and by the general law, this power is given to the police juries, the town of Plaquemine was, consequently without authority or right to adjudicate this ferry to the defendant.

The corporation of Plaquemine, having no express or implied authority to establish a ferry across a stream bordering on it, the exercise of such act is illegal; this power under a general law belongs exclusively to the police jury.

EASTERN DIST.
*January,* 1841.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that ours be for the defendants, with costs in both courts.